UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GRACE SOLIS, individually,

    Plaintiff,

v.

OXFORD LAW, LLC,
a Minnesota limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action for damages arising from Defendant's violations of 47 U.S.C. § 227 *et seq.,* the Telephone Consumer Protection Act (TCPA) and 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (FDCPA).

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367 as well as 47 U.S.C. § 227 *et seq.* and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District; a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

3.      Plaintiff, GRACE SOLIS, is a natural person and citizen of the State of Florida, residing at all times relevant herein in Miami-Dade County, Florida.

4.      Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3).

5.      Defendant, OXFORD LAW, LLC is a Minnesota limited liability company whose principal offices are located at 7900 Highway 7, Suite 350, Minneapolis, MN 55426 and whose registered agent for service of process in the State of Florida is NRAI Services, Inc., 515 E. Park Ave., Tallahassee, FL 32301.

6.      Defendant holds itself out as a law firm that *specializes in debt collection*, does in fact specialize in debt collection, and is therefore a debt collector within the meaning of 15 U.S.C. § 1692a(6).   Source: http://www.oxfordlawpc.com/ (last accessed on August 24, 2013).

7.      Defendant has registered itself as a "consumer collection agency" with the Florida Office of Financial Regulation pursuant to Fla. Stat. § 559.553(1).

8.      With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies,

to marital instability, to the loss of jobs, and to invasions of individual privacy.

*(b) Inadequacy of laws*

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

9. On or about March 2012, Defendant began receiving debt collection calls from Defendant.

10. The calls at issue were placed to Defendant's cellular telephone, which, at all times relevant herein was under the exclusive dominion and control of Plaintiff.

11. Said calls, upon information and belief, were placed using an automatic telephone dialing system; upon answering the calls, Plaintiff would be met with a pre-recorded message, which instructed Plaintiff to "press 1" or some other key, depending upon the recorded instructions.

12. Said calls, according to the Defendant, were placed in an attempt to collect an alleged debt to *Heritage Bank*, said debt arising from purchases made primarily for personal, family or household purposes, including but not limited to the purchase of clothes and groceries.

13. In response to Defendant's debt collection calls, Plaintiff sent Defendant a written notification informing the Defendant that all future telephonic

communications with her should only be in writing and that she no longer wished to receive any future phone calls from Defendant.

14. A consumer may revoke any previous consent to receive calls made with an auto-dialer and/or receive pre-recorded messages on their cellular telephone. *See Gager v. Dell Financial Services, LLC*, --- F.3d ----, 2013 WL 4463305 (3d Cir. August 22, 2013)

15. Beginning on or about August 2012 and continuing for several months thereafter, Defendant resumed its telephonic collection efforts, repeatedly placing both automatically dialed collection calls and playing pre-recorded messages to Plaintiff's cellular telephone.

16. None of Defendant's telephone calls to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C § 227(b)(1)(A).

17. None of Defendant's telephone calls to Plaintiff were placed with "prior express consent" as specified in 47 U.S.C. § 227(b)(1)(A).

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant, OXFORD LAW, LLC, within the four years preceding the filing of this complaint, placed telephone calls to Plaintiff's cellular telephone

using a device which had the capacity to be utilized as an automatic telephone dialing system and/or an artificial or prerecorded voice message player.

20. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant, OXFORD LAW, LLC, for:

    a. Statutory damages of $500 per call;

    b. Willful or knowing damages at $1500 per call;

    c. An injunction requiring Defendant to cease all communications with Plaintiff in violation of the TCPA;

    d. Reasonable costs; and

    e. Such other and further relief as the Court may deem appropriate.

## COUNT II
## TELEPHONIC HARASSMENT IN VIOLATION OF 15 U.S.C. § 1692d

21. Plaintiff incorporates Paragraphs 1 through 17.

22. Defendant OXFORD LAW, LLC's unlawful use of an auto-dialer to call Plaintiff as well as its unlawful use of prerecorded and/or artificial voice messages in an effort to collect a consumer debt from Plaintiff over the past year were in violation of 15 U.S.C. § 1692d of the Fair Debt Collection Practices Act.

*See generally, Clarke v. Weltman, Weinberg & Reis, Co., L.P.A.*, No. 10-60600-CIV-COHN (S.D. Fla. July 15, 2010).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, OXFORD LAW, LLC, for:

a. Damages, both statutory and actual;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: August 25, 2013

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: 954.589.0588
Facsimile: 954.337.0666
scott@scottdowens.com

By: /s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651